|  |  |  |
|---|---|---|
| Darlene R. Esposito<br>PO Box 1808<br>Newark  NJ  07101 | )<br><br>)<br><br>) | In the United States District Court for<br>The District of New Jersey |
| Vs. | ) |  |
| Storage Blue aka, exrel etal .<br>Baldwin Equites LLC<br>190 Baldwin Ave Jersey City N.J. | ) | COMPLAINT |
| Ref: Storage Blue AKA Baldwin Equities LLC<br>Unit D100,  Unit D049. | ) |  |

## GRIEVANCE

Darlene Esposito is now and has at all times material here to is an citizen organized and existing under the laws of the State of New Jersey.  Storage Blue is organized and existing Self Storage business in the State of New Jersey.    I have asked for an arbitration hearing  as stipulated by provision No.19 of the occupancy agreements as exhibit.

Arbitration Setting

I have dully served the AAA and thereafter the company Baldwin Equities LLC all documentations were placed in the U.S. mail certified mail receipt.  Therefore this court/tribunal may continue to examine the grievance which may be retained as service complete for the AAA *R-35, R-48, R-52.* The evidence submitted herein the Company hereafter referred to as Storage Blue failed to respond to letters requesting statement of their position regarding the matter or to cooperate in attempting to resolve it with the AAA.  After considering the factors in the AAA letter dated August 4, 2021, July 7, 2021 and annexed hereto in exhibit and thereafter citing their rule R-48 release of documentation for judicial proceedings.



1.

Legal Point One

Currently Storage Blue hold account information on me who I decided to assign prepayment account information; which takes place from my debit card on or about the 1st or 3rd of the month (I receive SSD on the third) As a tenant/consumer I object the holding of personal account information beyond the payment of rent due dates and the keeping of account information is prohibited under the PRR [Personal Privacy Protection Law] New Jersey Consumer Laws P.L. 1960c.39 (C.56:8-1 et seq.) to name a few. N.J. Electronic Transfers Act citing c. 12A:12-1, I believe electronic check is a better method to pay the Monthly rental fee but the agency does not accept electronic check as a payment method and it only accepts debit card information. This was plain spoken on or about November 27, 2020 and as late as June 9, 2021 the agency Web-Site does not allow me to create an on-line payment account and its reason was that my phone number was not on file but the agency did call me on May 06, 2021. The company Web-Site does allow for tenants to log into pay on line under the e-check act. However not my account. Citing(NJ's.§2A:23B-30.) and the relationship to Electronic Signatures in Global and National Commerce Act.) Thereafter I am as asking the company to explain why it does not maintain easy and through consumer/tenant assessable to e-check methods for payments citing Article No. 12 of the occupancy agreement annexed in exhibit A. The Company lacks characteristics of equitable remedies and moral obligations and other equitable remedies which offer reasonable procedures which meet the needs of the consumer in a manner which is far more fair and equitable to the consumer with regard to accuracy and disclosure of account information on a monthly basis currently the agency takes a debit payment from my debit card without any control by me they hold my account number 24-hours a day and 7 days a week in my account file which is hand written by me on a sheet of paper it was never electronically filed and at the time the only way to pay for storage units. Storage Blue seem to be corroborating in an conspiracy against human rights and civil rights when they decided not to put the law in motion from the complaint that was filed with the AAA; that violates USC 18 §1341 – 1345. The decision of Storage Blue not to arbitrate before the AAA caused the AAA to close the case as to each element of my request with the AAA. Citing 18 USC 1001, 241, and 5 USC 703,. This Court or Panel should hear the complaint on its laws citing the FDC Federal Trade Commission have the power to monitor and regulate contracts citing the Sherman Act; and the anti-trust act laws 15 USC §41-58.

Legal Point Two

Unreasonable rental prices and CPI standards with the surrounding area. I am requesting departmental review of the rent increase from $123.97 to $239.99 for space/unit D100 an $116.02 increase monthly. And increase from $118.80 to $229.99 for unit D049 an $111.19 increase monthly. The pricing for a 10 x 10 unit compared to an 7 x 7 is not within reasonable scope, or is it gauge or measure with a balance in the dimension range taking in to account my 10 x 10. For the amount offered my 7 x 7 is portrayed with only an $4.83 price difference compared to an 10 x 10. I am requesting an hearing to cure inaccuracies with the terms and agreements citing Article No 6 occupancy agreement. The six month rental contract made in December 3, 2020 was not made for the full year and I felt it should have been made for an full year. And a new contract was created or signed in June 1, 2021. I have a total of two units as stipulated in my occupancy agreement for units D100 and D049. The increases that is to apply is unmistakable insensitive to me as a consumer or tenant, I would like to know how I am considered by the agency an tenant or consumer. If I were considered an consumer I would like recalculations use under the CPI; and Storage expense also are calculated under the CPI. The CPI rate as of February - March 2021 is at a price drop at(-1.5) for storage expense and a monthly increase at 0.4 and yearly increase at 2.0. in March – April 2021. The agency citing Storage Blue 190 Baldwin Ave Jersey City N.J. know me and keep an account on me. Among other factors to be considered in this complaint is my rent increase which is increased to $388.15 monthly from $266.77 monthly an increase of $122.00 monthly In review of rent increases the decision maker reviews social responsibility and weather the company consider the rental contract an [tenant] or consumer contact. I receive Social Security disability and I don't think it is fair that my rent increase should increase 50% or that I pay a county tax or use tax. And the agreement does not stipulate any laws citing. NJ's. § § 2A :42-6.1., 2A :42-6.3., fees for seniors and disabled which is displayed on their internet web-site. Currently the contract that I have by Storage Blue is dishonest citing the determination from the AAA.

3.

Legal Point Three

Article No. 7(b) of the terms and agreement discloses renter's insurance however I found an insurance provider for storage units that offers a better fee with more insurance coverage if an claim for damages were to be made. The company does not disclose any insurance payment made to Royal Blue insurance on its payments receipts exhibit B. so the rent payments seem to be at an inflated rate but if I calculate the $24.00 insurance fees the total amount of payments taken on my debit card is at $388.15 I would like to enter into an legally binding contract with Baldwin Equities LLC. aka Storage Blue. But the company seem to be using it own custom varieties which strains the consumer; an perfect example of this I received an billing issue on August 26, 2021 which discloses 30 day notice of the second increase since June 1, 2021 from $ 388.15 to approximately $25.00 more monthly rental payment; in the interim my bank which holds personal commercial paper took seizure of personal benefits violating BSA Regulation E cited as the "Electronic Fund Transfer Act". *[Codified to 15 U.S.C. 1601] 15 USC § 1693, 7001* citing §205.7(b). Transfer Act". *[Codified to 15 U.S.C. 1601] 15 USC § 1693, 7001* citing §205.7(b) subject the "Owners" bank account and social security account benefits information to electronic withdraw citing title 20 CFR §404.970, SSR §79-4, Social Security Act §207 unlawfully violating Data Security and protection and Safeguarding rules Title Vi—Electronic Fund Transfers § 901, § 920 (C) IV. USC 12 § 1342.

Pleading

Petitioner is a person aggrieved by wrongful notices and inspection and disclosure of her credit card account which is linked to her bank account from Baldwin Equities aka Storage Blue. On an claim before the FTC the plaintiff requested a more deliberative Investigation because it can draw a line at what has occurred or what should be known and make ground for litigation. I allege the flawed compliance with the E-sign act that occurred from December 3, 2021 thru August 4, 2021 was not wholly inculpable of identity theft which may have aided to an economic attack; on consumers bank account here thus the holding of accounts information pertaining to petitioner may have been allotted or assigned by Baldwin Equities with an third party causing an security breach on the petitioners established Direct Deposit Account into her bank account that takes place on the Third of Each month. The issue before the FTC regulatory committee has not supplied me with a copy or any policy for receiving the complaint or their position on the matters submitted to them from the use of account

information held on the petitioner are subject to wrongful disclosure and misuse and thereafter the refusal to put in motion an hearing by the AAA, I believe information and data obtained by Storage Blue and or Baldwin Equities was information held and gauged beyond the normal calculated time citing Electronic Signatures in Global and Nation Commerce Act (125 USC 7001) (the e-government act Public law 107.347)  The analysis of the conduct of Storage Blue for not allowing petitioner a reasonable basis for arbitration must be accepted as fact and should be presumed to have admitted their claim as negligence.  Because of the denial of provisions of the company citing Storage Blue aka Baldwin Equities LLC policy and rental agreement and its standards created an liability against the Business and review is sought under the Sherman Act.  The courts have the power to monitor or regulate contracts stipulated in the Sherman Act and discriminatory pricing in the Clayton Act are requirements for contract coverage to be legally binding.  The Baldwin contract lacks past considerations it lacks performance of duties, and it lacks characteristics of equitable remedies, definiteness and moral obligation and other equitable remedies. Darlene Esposito herein referred to as the [Owner] believes that the information in this complaint is true correct and complete and any variances or adjustments are in dates only.  If the FTC is not inclined to grant a hearing before its administrative law justice, I request that a fair trial be impaneled in the Federal District Court district of New Jersey and an transfer of the Complaint filed with the FTC [Federal Trade Commission] or in the Internum  to the New Jersey Office of Administrative Law 33 Washington Street 7th Floor Newark NJ 07102.

Submitted By:

*[signature]*

DARLENE R. ESPOSITO
Physical paper copy filed 11/01/2021

## CERTIFICATION OF SERVICE

I Darlene Esposito herby certify that on this 1st Day of November 2021 I served the foregoing complaint by causing to be hand delivered two copy's to the following individuals Clerk; of the Federal District Court District Court of New Jersey  50 Walnut Street #4015 Newark  NJ  07102.  Thereafter on 11/1/2021 I served the foregoing complaint by causing to be mailed ordinary mail with certification of service.  To Storage Blue 190 Baldwin Avenue Jersey City NJ  07306.    I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was created in on 10/30/2021 and served on 11/1/2021.

Submitted By:

DARLENE R. ESPOSITO
DATED: 11/01/2021

Darlene R. Esposito  
PO Box 1808  
Newark NJ 07102

In the Federal District Court for the  
District of New Jersey.

Vs.

Storage Blue aka Baldwin Equities  
190 Baldwin Street  
Jersey City NJ

**IT IS,** on this day of _____ ; _____ _____ 20.

**ORDERED** as follows:

That this action be and is hereby referred to arbitration by Magistrate Judge of the Federal District Court District of New Jersey. In compliance with L.CivR. 201.1(d)(2).

**Arbitration** is a form of Alternative Dispute Resolution ("ADR") in this Court.

1. Referral to Arbitration except as otherwise provided by these rules, the Magistrate Judge Hon.

   _____ has required the parties to attend an arbitration session at any time following the filing and review the annexed verified complaint.

2. That the parties are to discuss with the Court the Status of the arbitration process and any failure of a party to participate in good faith and with a sense of urgency, but the arbitrator shall not without the prior consent of all parties, disclose to the Court the substance of any matters which are disclose to him by any of the parties.

3. All information presented to the arbitrator shall be deemed confidential and shall be disclose by the arbitrator only on consent of counsel, except as necessary to advise the court of an apparent failure to participate.

4. The arbitrator shall not be subject to subpoena by any party.

5. No statements made or documents prepared for arbitration session shall be disclose in any subsequent proceeding or construed as an admission against interest.

6. The arbitrator shall be compensated at rate of $_____ per hour to be borne equally by each of the parties participating in each session
7. Arbitration shall proceed for _____ days at which time it may be extended by either Order of the court or request of all parties.

_____

Magistrate Judge F.D.C.